LOCAL FORM 3015-1
REVISED 09/2025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Case No. 26-40537

CHAPTER 13 PLAN ☐ Modified

Debtor.

Dated

*In a joint case, "debtor" means "debtors" in this plan.*

RECEIVED
MAR 04 2026
TIME: _____
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, VALUATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** The debtor must check the appropriate box to indicate whether the plan does or does not include each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☐ Included | ☒ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.
2.1  As of the date of this plan, the debtor has paid the trustee $_____ (including balance on hand of $_____).
2.2  After the date of this plan, the debtor will pay the trustee $_____.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| 0 | 04/2026 | 04/2029 | 36 | 0 |
| | | | | |
| | | | PART 2.2 SUBTOTAL: | |

2.3  The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4  The debtor will also pay the trustee ____0_____.
2.5  The debtor will pay the trustee a total of $_____0_____ [lines 2.1 + 2.2 + 2.4].
2.6  If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: __Keep for us__  need more time to file 2023, 2024, 2025

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $___0___ [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

LOCAL FORM 3015-1
REVISED 09/2025

|     | Creditor | Description of property |
|-----|----------|------------------------|
| 4.1 | N/A      |                        |
| 4.2 |          |                        |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

|     | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|-----|----------|-----------------------|------------------------|-----------------------------------|--------------------|-----------------|---------------|---------------------------|--------------------------------------------------|-------------------------------|
| 5.1 |          |                       |                        | 0.000%                            |                    |                 |               |                           |                                                  |                               |

N/A

|  | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|--|----------------------------|---------------|--|---------------------------------------|--------------------------------------------------|----------------------------------|
|  |                            | ☐ Debtor ☐ Trustee |  |                                       |                                                  |                                  |
|  |                            |               |  |                                       | TOTAL:                                           |                                  |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

None - no cramdown requested. Mortgage validity contested in federal

|     | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|-----|----------|-------------------|---------------------|-----------|-------------------|--------------------|-----------------|---------------|-------------------|--------------------------------------------------|-----------------|
| 6.1 |          |                   |                     | 0.000%    | ☐                 |                    |                 |               |                   |                                                  |                 |
| 6.2 |          |                   |                     | 0.000%    | ☐                 |                    |                 |               |                   |                                                  |                 |

district court case 25-cv-04755-NEB-JFD    TOTAL:

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part

NONE

2

LOCAL FORM 3015-1
REVISED 09/2025

11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

|     | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|-----|----------|---------------------------|-----------|-------------------|--------------------|-----------------|---------------|--------------------|--------------------------------------------------|------------------|
| 7.1 |          |                           | 0.000%    | ☐                 |                    |                 |               |                    |                                                  |                  |
| 7.2 |          |                           | 0.000%    | ☐                 |                    |                 |               |                    |                                                  |                  |
|     |          |                           |           |                   |                    |                 |               |                    | TOTAL:                                           |                  |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

NONE IDENTIFIED

|     | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|-----|----------|--------------|--------------------|-----------------|---------------|--------------------|--------------------------------------------------|------------------|
| 8.1 |          |              |                    |                 |               |                    |                                                  |                  |
| 8.2 |          |              |                    |                 |               |                    |                                                  |                  |
| 8.3 |          |              |                    |                 |               |                    |                                                  |                  |
|     |          |              |                    |                 |               |                    | TOTAL:                                           |                  |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

NONE

|     | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|-----|----------|--------------|--------------------|-----------------|---------------|--------------------|--------------------------------------------------|------------------|
| 9.1 |          |              |                    |                 |               |                    |                                                  |                  |
| 9.2 |          |              |                    |                 |               |                    |                                                  |                  |
| 9.3 |          |              |                    |                 |               |                    |                                                  |                  |
|     |          |              |                    |                 |               |                    | TOTAL:                                           |                  |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

|      | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|------|----------|------------------------|------------------------|--------------------|-----------------|---------------|--------------------|--------------------------------------------------|------------------|
| 10.1 |          |                        | 0.000%                 |                    |                 |               |                    |                                                  |                  |
|      |          |                        |                        |                    |                 |               |                    | TOTAL:                                           |                  |

NONE

LOCAL FORM 3015-1
REVISED 09/2025

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 0.00% |

| | |
|---|---|
| Estimated remaining payments | |
| + amount paid to date by trustee (mod. plan only) | |
| = TOTAL estimated payments | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).    N/A

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.    N/A

| | Creditor | Description of property (including the complete legal description of real property) |
|---|---|---|
| 13.1 | | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| Information regarding judicial lien or security interest | | Calculation of lien avoidance | | Extent of exemption impairment (check one) |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ☐ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ 13,325.25 . |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ☐ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $_____. The amount of the unsecured claim is (line f): $_____. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| 15.1 | |
|---|---|

4

LOCAL FORM 3015-1
REVISED 09/2025

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $ 0 |
| Maintenance of payments and cure of default, if any [Part 5] | $ 0 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ 0 |
| Secured claims excluded from § 506 [Part 7] | $ 0 |
| Priority claims [Part 8] | $ 0 |
| Domestic support obligation claims [Part 9] | $ 0 |
| Separate classes of unsecured claims [Part 10] | $ 0 |
| Timely filed unsecured claims [Part 11] | $ 0 |
| TOTAL (must equal line 2.5) | $ 0 |

<u>Certification regarding nonstandard provisions:</u>
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: _____
      Attorney for debtor

Signed: _[signature]_____
      Debtor 1

Signed:_____
      Debtor 2 (if joint case)