UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Chapter 13
Case No. 26-40537 KAC

Jenna Ione Kaltved
*fka* Jenna Ione Thompson,

REPLY TO KALTVED
RESPONSE AND
SUPPLEMENTAL RESPONSE
TO MOTION FOR RELIEF
FROM STAY

Debtor.

**ARGUMENT**

Fannie Mae filed the present motion because Ms. Kaltved filed this petition on the day of the initial eviction hearing in the pending state court eviction action. The Court may grant relief from stay to allow Fannie Mae to continue with the eviction process because the sheriff's sale has occurred and the redemption period has expired. "A person may be evicted if the person . . . unlawfully detains or retains possession of the property." Minn. Stat. § 504B.301. "The person entitled to the premises may recover possession by eviction when: (1) any person holds over real property: . . . (ii) after the expiration of the time for redemption on foreclosure of a mortgage . . . ." Minn. Stat. § 504B.285, Subd. 1(1)(ii).

> The purchaser of a sheriff's certificate acquires a vested ownership interest in the property, subject to divestment arising from the exercise of any redemption rights held by the foreclosed owner. *See Harbal v. Fed. Land Bank of St. Paul*, 449 N.W.2d 442, 447 (Minn. App. 1989) (stating

> this principle in the context of an agricultural-land foreclosure), *review denied* (Minn. 1990). Under Minn. Stat. § 580.12 (2014), "[w]hen any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a certificate" and, after the certificate has been recorded and the redemption period has expired, it "shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein." Further, "[e]very sheriff's certificate of sale made under a power to sell contained in a mortgage shall be . . . *prima facie evidence of title in fee* thereunder in the purchaser at such sale . . . ."  Minn. Stat. § 580.19 (2014) (emphasis added).

*Fed. Home Loan Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 70 (Minn. App. 2015).

Here, the foreclosure occurred on July 1, 2025, and the redemption period expired on January 2, 2026. (Dobie Decl. ¶¶ 5-6.) The debtor filed this case on February 18, 2026, approximately 45 days after the expiration of the redemption period, and therefore, the filing of this case did not impact the foreclosure or redemption period. Fannie Mae is entitled to pursue its eviction because the debtor and her spouse are holding over after foreclosure and expiration of the redemption period. The debtor's arguments otherwise have no merit.

I.     **The Court May Ignore the Debtor's Standing and Real Party in Interest Arguments Because Fannie Mae Is the Owner of the Property by Virtue of the Foreclosure and Expiration of the Redemption Period; It Is Actually the Debtor Who Does Not Have Standing.**

Fannie Mae's standing to pursue the motion for relief from stay to continue with the eviction action was (and is) based on the recorded Sheriff's Certificate of Sale and the recorded Assignment of Sheriff's Certificate of Sale. Fannie Mae was not required to provide anything else. "It is long-settled under Minnesota law that foreclosure extinguishes the mortgage and that the purchaser at the

foreclosure sale acquires a vested right to become the absolute owner of the property upon expiration of the redemption period, or, in lieu thereof, to receive the payment of the purchase price plus interest." *Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270, 276 (8th Cir. 1983). "[T]he expiration of the period of redemption vested absolute title in the defendant with the result that the right to redeem was terminated and accordingly such 'property of the estate' ceased to exist." *In re Ecklund & Swedlund Dev. Corp.*, 17 B.R. 451, 456 (Bankr. D. Minn. 1981).

"When so recorded, upon expiration of the time for redemption, the certificate shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance." Minn. Stat. § 580.12. "Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired." Minn. Stat. § 580.19. "An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment." *Illinois Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004).

Here, AmeriHome Mortgage Company LLC was the successful bidder at the July 1, 2025, sheriff's sale, and the Anoka County Sheriff executed a sheriff's

certificate of sale in favor of AmeriHome Mortgage Company LLC. (Dobie Decl. ¶ 5, Ex. C.) AmeriHome Mortgage Company LLC thereafter assigned the certificate to Federal National Mortgage Association. (*Id.* at ¶ 6, Ex. D.) Thus, under Minnesota law, the Sheriff's Certificate of Sale and Assignment of Sheriff's Certificate of Sale provided Fannie Mae with the right to pursue the motion for relief from stay to resume the state court eviction proceedings.

Fannie Mae is the fee owner of the subject property by virtue of its sheriff's certificate and the assignment. (Dobie Decl. ¶¶ 5-6, Ex. C-D.) Fannie Mae provided a copy of the recorded sheriff's certificate and the assignment with its motion for relief from stay. The Sheriff's Certificate of Sale listed the sheriff's sale date of July 1, 2025, and the certificate listed a six-month redemption period, which expired on January 2, 2026. Thus, the Court may grant the motion for relief from stay based on the motion and supporting documents because Fannie Mae is the fee owner of the property and is entitled to pursue an eviction judgment.

Moreover, it is actually the debtor who does not have standing to question the assignments or the securitization of the loan, if any. Homeowners do not have standing to question an assignment between creditors "because they 'were not injured by the assignment' and any harm to the borrowers was not fairly traceable to the allegedly invalid assignment." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016) (quoting *Quale v. Aurora Loan Services LLC*, 561 Fed.Appx. 582, 582-83 (8th Cir. 2014) (noting the assignor, not the homeowner, is "[t]he party injured by an improper or fraudulent assignment")).

A borrower may not defend an action on a note by submitting evidence that the plaintiff has no interest in the instrument. *Nw. Nat. Bank & Tr. Co. v. Hawkins*, 286 N.W. 717, 720 (Minn. 1939); *see also Gen. Underwriters, Inc. v. Kline*, 46 NW.2d 794, 797-98 (Minn. 1951) ("a debtor has no standing to question the validity of an assignment" except where the assignor denies the assignee's title or there is a real threat of double recovery from the debtor); *Oppong-Agyei v. Chase Home Fin., LLC*, 2013 WL 3368869, at *6 (Minn. App. 2013) (mortgagor may not challenge a mortgagee's standing to proceed with foreclosure, and while not addressed by Minnesota's state courts, the mortgagor's standing claim has been repeatedly rejected in federal court); *Salgado-Fuentes v. Great S. Bank*, No. CIV. 13-2814 JNE/JJK, 2014 WL 1117530, at *5 (D. Minn. 2014) (borrower does not have standing but even if she did the assignment is valid under Minnesota notary acknowledgement statutes).

Homeowners also do not have standing to question the foreclosure based on an allegation that a mortgage was securitized or that some part of the mortgage or the foreclosure "violated the terms of an agreement governing the mortgage trust to which their mortgages were assigned." *Rogers v. Bank of Am., N.A.*, 787 F.3d 937, 939 (8th Cir. 2015). "[T]he mortgagors [do] not have standing to bring such a challenge because they were not parties to the trust agreement." *Id.* Therefore, the Court should determine that Fannie Mae has standing to move for relief from stay, and it is actually the debtor who does not have standing to question the assignments or the foreclosure on the basis that she seeks to challenge the foreclosure.

II.     **The Debtor Has Failed to Accurately State the Law, and It Appears She May Have Used Artificial Intelligence to Draft Her Response Because Fannie Mae's Counsel Has Been Unable to Locate Several of the Cited Cases.**

A.     **Fannie Mae Has Satisfied the Applicable Burdens of Proof and Persuasion.**

Fannie Mae has met its burdens of proof and the burdens of persuasion, and the Debtor's arguments otherwise are unavailing. Kaltved argued in her response that Fannie Mae did not meet its burden of proof and cited a case regarding the burden of proof at pages 3 and 5, but Fannie Mae was unable to locate the case cited, *In re Maze*, 85 F.3d 631 (8th Cir. 1996). In any event, the burden of proof is allocated as follows:

> The burden of proof on a request for relief for cause, pursuant to 11 U.S.C. § 362(d)(1), is on the debtor. 11 U.S.C. § 362(g). This ultimate burden only exists, however, where adequate grounds for causal relief are first laid out by the moving party. To sufficiently raise an issue of cause, the moving party must always bear an initial burden of establishing a *prima facie* case. Once the initial burden of the *prima facie* case is satisfied, the burden of proof shifts to the debtor.

*In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 189 (Bankr. E.D. Ark. 2010) (citations omitted); *see also In re Risher*, __ B.R. __, No. 23-31905, 2026 WL 656500, at *2 (Bankr. D. Minn. Mar. 6, 2026) (after movant makes initial showing "the burden then shifts to the debtor to demonstrate entitlement to the protection of the stay; the risk of nonpersuasion is on the debtor"). As for the burden of proof under Section 362(d)(2), the burden of proof is slightly different and has been described as follows:

> The burden of proof to establish that there is a lack of equity in the property is placed on the party seeking relief. 11 U.S.C. § 362(g). This

burden consists of not only the burden of production, but also the ultimate burden of persuasion.

*In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 180 (Bankr. E.D. Ark. 2010) (citations omitted). As stated in Section I*, supra*, pursuant to Minnesota Statutes sections 580.12 and 580.19, once the sheriff's sale occurs and the redemption period expires, the foreclosure purchaser (or its successor) is the fee owner of the property and the mortgagor's real property interest terminated. *See Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270, 276 (8th Cir. 1983).

In this case, Fannie Mae has submitted a copy of the sheriff's certificate of sale and the assignment of sheriff's certificate to Fannie Mae. These documents satisfy the applicable burdens of proof and persuasion for Section 362(d)(1) and (d)(2). The foreclosure occurred and the redemption period expired. Therefore, debtor does not have any equity in the property. The debtor has not provided any argument or evidence to rebut Fannie Mae's motion, and the Court should grant Fannie Mae's motion for relief from stay.

**B.      The Assignment of Mortgage Transferred the Mortgagee Interest from MERS to AmeriHome Mortgage Company LLC.**

Next, Kaltved cites *Welk v. Fannie Mae*, 561 Fed. App'x 577 (8th Cir. 2014) and argues that Fannie Mae was required to provide a "unbroken chain of title or proof of standing." In *Welk,* the Eighth Circuit noted that in Minnesota an assignee must record a legal assignment of the mortgage prior to the foreclosure, but the court held that where a borrower alleges that an unrecorded assignment "might conceivably exist," such an allegation is insufficient to state a claim upon

which relief may be granted without more facts to support a plausible inference that an unrecorded assignment does in fact exist. *Id.* at 580. The same standard and the same the outcome applies here. Kaltved has not alleged or provided any additional support for any allegation that there was an unbroken chain of assignments. Although not required, Fannie Mae supported its motion with a copy of the recorded mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee and mortgagee for Onward Financing LLC. (Dobie Decl. ¶ 3, Ex. A.) Thereafter, MERS assigned its interest to AmeriHome Mortgage Company LLC. (*Id.* at ¶ 4, Ex. B.) Thus, there is an "unbroken chain" of assignments from MERS to AmeriHome. The debtor's reliance on *Welk* is misplaced, and the Court should grant the motion.

**C.      The Timing of the Eviction Action and the Filing of the Motion for Relief from Stay Are Not Indicia of Bad Faith, and the Bad Faith Standard Cited by Kaltved Instead Applies to Her Bankruptcy Case Filing.**

Next, Kaltved alleges that the timing of the motion and the eviction are indicia of bad faith citing *In re Laguna Assoc. Ltd.*, 30 F.3d 734 (6th Cir. 1994). But Kaltved's bankruptcy filing, the adversary proceeding, and the federal lawsuit, all following the foreclosure sale and following the dismissal of a state court lawsuit asserting nearly identical claims are indicia of the opposite. The bankruptcy filing on the date of the eviction hearing suggests that Kaltved's bankruptcy filing was in bad faith. In *Laguna Assoc.*, the Sixth Circuit held that a party seeking relief from stay for cause under Section 362(d)(1) is entitled to relief from stay if the case was filed in bad faith for the same reasons that bad

faith is cause for dismissal under Section 1112(b). Fannie Mae has not moved for relief from stay based on the debtor's bad faith (or lack of good faith), and therefore, *Laguna Assoc.* is not applicable to the present motion.

### D.   The Debtor Is Not Entitled to Discovery and the Court Should not Delay the Order for Relief from Stay.

Lastly, the debtor's request for additional time to allow discovery is not a basis to deny or postpone the decision on Fannie Mae's motion for relief from stay. The debtor cites *In re Tollefson*, 197 B.R. 298 (Bankr. D.N.D. 1996), in support of her argument, but Fannie Mae was unable to locate that case. Even if there were a rule, statute, or precedent that supported the need to obtain discovery in certain instances before granting relief from stay, this is not such a case. The debtor claims that "expedited discovery is essential before any relief: Debtor requests subpoenas to relevant parties for full origination and funding records . . . interrogatories on the chain of title and mortgage-backed securities pool (to clarify ownership under securitization), and other production under Fed. R. Bankr. P. 7026-7037."

The debtor's requests are, however, not reasons to delay the eviction. As noted above, Section II.B., *supra*, allegations of unrecorded assignments are not sufficient to state a claim upon which relief may be granted. *Welk v. Fannie Mae*, 561 Fed. App'x 577, 580 (8th Cir. 2014). The debtor does not have standing to challenge the validity of the assignment of mortgage, Section I, *supra. Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016). Finally, the debtor made the same types of claims in her state court lawsuit that was dismissed with

prejudice, and this Court cannot review the state court decision pursuant to the *Rooker-Feldman* doctrine as outlined in Section IV, *infra*. Thus, the Court may and Fannie Mae respectfully requests that the Court grant the motion, and that the Court do so without further delay.

### III. The Documents Submitted in Support of the Motion for Relief from Stay Are Admissible.

Kaltved objects to the documents submitted by Fannie Mae in support of the motion, but the documents attached to the Declaration of Kevin T. Dobie are admissible and may be considered on a motion in a contested matter. Affidavits in support of a motion must be made on personal knowledge, set out admissible facts, and show that the affiant is competent to testify. Fed. R. Civ. P. 56(c)(4). Federal Rule of Civil Procedure 56 applies via Federal Rule of Bankruptcy Procedure Rules 4001(a)(1), 9014(c), and 7056. Under the Federal Rules of Evidence 803(8), 803(14), 901(b)(7)(A), 902(8), and 1003,[1] the copies of the

---

[1] **Fed. R. Evid. 803.** The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: *** **(8) *Public Records.*** A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) the the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. *** **(14) *Records of Documents That Affect an Interest in Property.*** The record of a document that purports to establish or affect an interest in property if: (A) the record is admitted to prove the content of the original recorded document, along with its signing and its delivery by each person who purports to have signed it; (B) the record is kept in a public office; and (C) a statute authorizes recording documents of that kind in that office.
**Fed. R. Evid. 901(b).** Examples. The following are examples only — not a complete list — of evidence that satisfies the requirement: *** **(7) *Evidence***

recorded documents are admissible because they are covered by exceptions to the hearsay rule under Rule 803(8) and 803(14), were authenticated by an attorney under Rule 901(b)(7) who reviewed the publicly recorded documents and submitted true and correct copies, and are self-authenticating under Rule 902(8) because they include an acknowledgment by a notary.

Kaltved argues the statements and documents submitted in and attached to the Declaration of Kevin T. Dobie are not admissible, but acknowledged documents are self-authenticating. Minn. R. Evid. 902(8). Property records that include a certificate of acknowledgment executed by a notary public are admissible. *Dunn v. Bank of Am. N.A.*, 844 F.3d 1002, 1006 (8th Cir. 2017) (rejecting arguments that property records were inadmissible hearsay and not properly authenticated because the records were notarized and recorded resulting in authentication and a hearsay exception under Fed. R. Evid. 803(8), 803(14), 901(b)(7)(A), 902(8)). The documents are covered by two exceptions to the hearsay rule because they are public records covered by Rule 803(8) and

---

***About Public Records.*** Evidence that: (A) a document was recorded or filed in a public office as authorized by law;

**Fed. R. Evid. 902.** The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: ***

**(8)** ***Acknowledged Documents.*** A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**Fed. R. Evid. 1003.** A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.

because they are public records that affect an interest in real property covered by Rule 803(14).

Kaltved argues in her Supplemental Response (ECF No. 39 at 1) that the sheriff's certificate is not admissible pursuant to Federal Rule of Evidence 1002 (the best-evidence rule) because the filed copy of the certificate has certain redactions regarding parcel number and the document number, but her argument has no merit. Federal Rule of Evidence 1002 provides that "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." But Rule 1003 provides that "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Kaltved has not asserted any question about the original's authenticity and she has not argued that the circumstances make it unfair. Thus, she has not asserted any basis to determine that the sheriff's certificate or the assignment is inadmissible.[2] Instead, she argues in her supplemental declaration that the redactions prevented any authentication, but she does not say how or why. The Dobie Declaration explains that the documents were recorded in the Anoka County Recorder's office, and the document numbers and the legal description were listed in the declaration. If she disputes the authenticity, she should be required to explain how the substantive information, i.e., the grantor, the grantee, the legal description, the conveyance language, etc.,

---

[2] In any event, Fannie Mae's counsel has sent unredacted copies to the debtor, so that she can review the unredacted copies and compare them to the publicly recorded documents if she wishes to do so.

in the documents is questionable or not the same as the copies she was able to obtain from the Anoka County Recorder. But she has not done that, and pursuant to the Eighth Circuit in *Dunn*, the Dobie Declaration and the documents attached to the declaration are admissible. The Court may therefore consider those materials and should grant Fannie Mae's motion.

**IV.    The Debtor May Not Attack the Mortgage or the Assignment of Mortgage in this Bankruptcy Proceeding Pursuant to the *Rooker-Feldman* doctrine.**

Pursuant to the *Rooker-Feldman* doctrine, the Bankruptcy Court cannot act as an appellate court for the state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine jurisdictionally bars federal courts from hearing "cases that function as de facto appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). Therefore, this Court's review of the result in the State Court Action judgment, including the mortgage origination on December 28, 2021, and the assignment of mortgage to AmeriHome Mortgage Company LLC, recorded on October 11, 2023, are barred by the *Rooker-Feldman* doctrine. By judgment dated September 4, 2024, the state court determined that Ms. Kaltved's claims regarding the mortgage failed as a matter of law. Under the *Rooker-Feldman* doctrine, this Court cannot now serve as an appellate court to review that determination and must therefore abide by the state court's order and judgment. Thus, the Court should grant relief from stay.

## CONCLUSION

Fannie Mae respectfully requests that the Court grant its motion for relief from stay.

Dated:  March 31, 2026      LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P.

By: /s/ Kevin T. Dobie
Kevin T. Dobie, #388322
Attorney for Movant
4500 Park Glen Road, #300
Minneapolis, MN 55416
(952) 925-6888
kevin@minnesotamortgagelaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Jenna Ione Kaltved
*fka* Jenna Ione Thompson,

UNSWORN DECLARATION
FOR PROOF OF SERVICE

Debtor.

Chapter 13, Case No. 26-40537 KAC

I, Kevin T. Dobie, partner at LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P., attorneys licensed to practice law in this court, with office address of Suite 300, 4500 Park Glen Road, Minneapolis, Minnesota 55416, declares that on March 31, 2026, I served the annexed REPLY TO KALTVED RESPONSE AND SUPPLEMENTAL RESPONSE TO MOTION FOR RELIEF FROM STAY upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Jenna Ione Kaltved
15581 Iodine Street Northwest
Ramsey, Minnesota 55303

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Kyle Carlson, Chapter 13 Trustee

And by email to jennaaione@gmail.com

/s/Kevin T. Dobie