UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------
In re: Case No.: 26-40537 KAC

*JENNA IONE KALTVED,*

Debtor.
------------------------------

NOTICE OF HEARING AND OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

------------------------------
TO: All parties in interest pursuant to Local Rule 9013-3.

1. Gregory A. Burrell, Chapter 13 Trustee, moves the court for the relief requested below and gives notice of hearing.

2. This court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The debtors filed the petition commencing this case on March 18, 2026. The case is now pending in this court.

3. This objection arises under Bankruptcy Rule 3015. This objection is filed under Bankruptcy Rule 9014, Local Rules 9006-1, 9013-1 through 9013-5, such other Local Rules as may pertain and 11 U.S.C. § 1325. Movant requests relief with respect to denial of confirmation of the debtor's chapter 13 plan. *See* Chapter 13 Plan, ECF No. 42

4. The debtor prepared the required tax returns under §1308 and provided those to the trustee for tax year 2022 - 2025. Those returns show roughly $40,000 in liabilities for priority years 2021-2024. The IRS's claim indicates that the debtor has not filed her tax return for tax years 2021-2025. *See* Claim Register, Claim 4. The trustee objects to confirmation under 11 U.S.C. 1325(a)(9) until that proof of claim is amended to show those years as filed.

5. The trustee objects to plan confirmation under 11 U.S.C. § 1325(a)(5) as the debtor has not provided for the secured claim filed by Wells Fargo for the 2015 Dodge Ram. *See* Claim Register, Claim 3.

6. The trustee objects to plan confirmation under 11 U.S.C. § 1322(b)(1) as part 10 provides for a payment of $1800 to the unfiled, unsecured claim of Allina Health. The trustee objects to the plan as the debtor is unfairly discriminating against the unsecured creditor class by separately classifying her debt to Allina while not paying the remaining unsecured class of filed claims anything, even though those claims are $31,158.19. ECF No. 42, at part 10; *See* Claims

Register.

7. The trustee reserves the right to amend the objections if further facts are discovered supporting such objections.

8. If necessary, the debtor and/or an employee of the Trustee may be called to testify in support of this motion.

WHEREFORE, the trustee moves the court for an order denying confirmation of the chapter 13 plan.

Gregory A. Burrell, Chapter 13 Trustee

Dated: May 14, 2026

Signed: /e/ Jeffrey M. Bruzek

Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 277-1223
Email: jmb@ch13mn.com

VERIFICATION

I, Jeffrey M. Bruzek, employed by the Chapter 13 Trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 14, 2026

Signed: *__/e/ Jeffrey M. Bruzek__*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------
In re: Case No.: 26-40537 KAC

*JENNA IONE KALTVED,*

Debtor.

------------------------------

MEMORANDUM IN SUPPORT OF OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

FACTS

The facts are summarized in the accompanying verified objection.

LEGAL DISCUSSION

A. Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed. When a debtor fails to carry that ultimate burden, confirmation must be denied. *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

B. The plan cannot be confirmed because the 2022 through 2025 tax returns have not been filed.

The IRS's claim indicates that the debtor has not filed her tax return for tax year 2022 - 2025. Claim No. 3. A filed claim is prima facie evidence as to the validity and the amount owed. *See* Fed.R.Bankr.P. 3001(f). The claim has not been objected to or amended. The trustee objects pursuant to 11 U.S.C. §1325(a)(9), which incorporates 11 U.S.C. § 1308, that provides that "the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." *See* 11 U.S.C. § 1308(a).

C. The plan cannot be confirmed because the plan does not provide for the secured Wells Fargo automobile claim.

There are three ways to treat an allowed secured claim: creditor acceptance of the plan, plan provides for present value of allowed secured claim, or surrender of the collateral. *See* 11 U.S.C. § 1325(a)(5). The plan has not been accepted by the creditor and the plan does not meet the other requirements of 11 U.S.C. § 1325(a)(5).[1]

Claim No. 3 provides that there is a $10,437.66 balance, with $9,020.97 owed in arrears as of the date of filing. Claim No. 3. There is not a car payment on schedule J, nor is the claim referenced in the plan. 11 U.S.C. § 1302 imports a statutory affirmative duty that a trustee be heard on all hearings regarding plan confirmation. *In re Shelton,* 592 B.R. at 211 (citations omitted). If the plan does not treat the secured debt the trustee does not know if the debtor is paying it directly, which could affect the disposable income test under 11 U.S.C. § 1325(b) or the feasibility test under 11 U.S.C. § 1325(a)(6). Simply put, the trustee cannot discharge his duties if he does not know what the debtor is doing with their claims.[2]

D. The debtor's proposed plan unfairly discriminates as prohibited 11 U.S.C. § 1322(b)(1).

A proposed separate classification of an unsecured claim is not unfair discrimination if: (1) the discrimination has a reasonable basis; (2) the debtor cannot carry out a plan without the discrimination; (3) the discrimination is proposed in good faith; and (4) the degree of discrimination is directly related to the basis or rationale for the discrimination. *In re Jordahl,* 516 B.R. 573, 577 (Bankr. D. Minn. 2014).

Here, the debtor is proposing to pay directly to Allina $1800, or nearly 100% of the plan distributions, on its unfiled claim while the other unsecured creditors are receiving approximately $0, of what those creditors are owed, $31,158.19.

---

[1] While the 8th circuit has not affirmatively held that failure to object is "acceptance of plan" other contexts require an agreement to be produced if an objection is filed by another party. *See e.g. In re Burnett*, 646 F.3d 575, 580-801 (8th Cir. 2011)(under 11 U.S.C. § 1322(a)(2) an "express affirmation of consent is required" in a case that has not yet been confirmed). Some courts have held that silence is not deemed acceptance in light of a trustee objection. *In re Shelton,* 592 B.R. 193, 212 Bankr.N.D.Ill.2018)(holding that a debtor, when proposing specifically targeted, nonstandard plan provisions, needs do is confirm the affected creditor's acquiescence and report that to the court, in order to meet the acceptance provision under § 1325(a)(5) when an objection is filed by the trustee under that statute). Other courts hold that at the very least silence could be deemed acceptance if the debtors provide proper service of the plan. *See In re Foley,* 606 B.R. 790, 796 (Bankr.E.D.Wi.2019).

[2] An issue for the debtor that arises is that a failure to provide for a secured debt in a plan renders that claim non-dischargeable. 11 U.S.C. § 1328; *In re Dukes,* 909 F.3d 1306 (11th Cir. 2018).

The debtor has not provided a reasonable basis for this treatment of the general unsecured creditor. She has not shown why the discrimination is necessary to carry out the terms of the plan.

## CONCLUSION

The debtors cannot meet their burden under 11 U.S.C. § 1325. For the reasons stated herein, the trustee requests that the court deny confirmation of the chapter 13 plan.

Gregory A. Burrell, Chapter 13 Trustee

Dated: May 14, 2026

Signed: /e/ Jeffrey M. Bruzek

Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591
Email: jmb@ch13mn.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------
In re: Case No.: 26-40537 KAC

*JENNA IONE KALTVED,*

Debtor.

------------------------------

UNSWORN DECLARATION FOR PROOF OF SERVICE

-------------------------------

I, Jeffrey Bruzek, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on May 14, 2026, I served Notice of Hearing and Objection to Plan Confirmation, Memorandum of Facts and Law and proposed Order on all Filing Users by electronic mail and on the individual(s) listed below, in the manner described:

By first class U.S. mail, postage prepaid:

JENNA IONE KALTVED
15581 IODINE STREET NW
RAMSEY, MN 55303

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: May 14, 2026 /e/ Jeffrey Bruzek

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------

In re: Case No.: 26-40537 KAC

*JENNA IONE KALTVED,*

Debtor.

------------------------------

ORDER DENYING CONFIRMATION

-------------------------------

At Minneapolis, Minnesota,

The above-entitled matter came before the undersigned United States Bankruptcy Judge on the objection of Gregory A. Burrell, Chapter 13 Trustee (the “Trustee”) objecting to confirmation of the debtor’s Chapter 13 plan and requesting dismissal of the case.

Upon the motion, records and proceedings herein,

IT IS ORDERED:

1. Confirmation of the debtor’s Chapter 13 plan, ECF No.42, is DENIED.

Date: ________

_____________________________________
Katherine A. Constantine
United States Bankruptcy Judge