LOCAL FORM 3015-1
REVISED 09/2025

*MODIFIED CHAPTER 13 PLAN*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re: *Jenna Ione Kaltved*

Case No. 26-40537

CHAPTER 13 PLAN ☒ Modified

Dated *May 20, 2026*

Debtor.

*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☒ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee $ _50_ (including balance on hand of $_____).

2.2   After the date of this plan, the debtor will pay the trustee $ _200 month_

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| 200 month | 06/2026 | 05/2029 | 36 | 7,200 |
| | | | | |
| | | | PART 2.2 SUBTOTAL: | 7,200 |

2.3   The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4   The debtor will also pay the trustee _0_ .

2.5   The debtor will pay the trustee a total of $ _7250_ [lines 2.1 + 2.2 + 2.4].

2.6   If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: *Keep all tax refunds for plan payments, emergency fund/savings and household expenses.*

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ _725_ [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

RECEIVED

MAY 2 0 2026

TIME: _4:11 pm_

CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

1

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property |
|---|---|---|
| 4.1 | N/A | |
| 4.2 | | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly pay-ment | # of pay-ments | Remaining arrears payments | + amount paid to date by trustee (mod. plan only) | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | N/A | | | 0.000% | | | | | | |

| | Current installment payment | Disbursed by: | | Remaining trustee installment payments | + amount paid to date by trustee (mod. plan only) | Total trustee installment payments |
|---|---|---|---|---|---|---|
| | N/A | ☐ Debtor ☐ Trustee | | | | |
| | | | | | TOTAL: | |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6.1 | Wells Fargo Bank claim #3 | 10,437.66 | 3,000 | 0.000% 9% | ☑ | 06/26 | 96 | 36 | 36 | | $3,456 |
| 6.2 | | | | 0.000% | ☐ | | | | | | |
| | | | | | | | | | | TOTAL: | 3,456 |

Debtor values collateral at $3,000 based on market value + major engine repairs needed. Debtor reserves all rights to object to claim

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part

LOCAL FORM 3015-1
REVISED 09/2025

11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | NONE | | 0.0000% | ☐ | | | | | | |
| 7.2 | | | 0.0000% | ☐ | | | | | | |
| | | | | | | | | | TOTAL: | |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | IRS #4 *claim* | 5,352.6 | | Ø | | | | |
| 8.2 | | | | | | | | |
| 8.3 | | | | | | | TOTAL: | Ø |

*Listed for disclosure only. Once return is fully processed by IRS (it was submitted Oct 15, 2025 mailed in paper form) debtor expects claim withdrawn. Debtor reserves all rights to object to claim.*

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

NONE

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 9.1 | | | | | | | | |
| 9.2 | | | | | | | | |
| 9.3 | | | | | | | TOTAL: | |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + amount paid to date by trustee (mod. plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | NONE | | 0.000% | | | | | | |
| | | | | | | | | TOTAL: | |

3

LOCAL FORM 3015-1
REVISED 09/2025

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | | | |
|---|---|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | 6,981.66 *truck* | Estimated remaining payments | 3,069 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | 8,350.59 | + amount paid to date by trustee (mod. plan only) | 0 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | 25,332.25 | = TOTAL estimated payments | 3,069 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | ~~0.00%~~  12.10% | | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

N/A

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

N/A

| | Creditor | Description of property (including the complete legal description of real property) |
|---|---|---|
| 13.1 | | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d).  *Insert additional tables for each lien.*

N/A

| Information regarding judicial lien or security interest | | Calculation of lien avoidance | | Extent of exemption impairment (check one) |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ☐ Line f is equal to or greater than line a. The entire lien is avoided.  The amount of the unsecured claim is (line a):  $ 13,325.25 . |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ☐ Line f is less than line a. A portion of the lien is avoided.  The amount of secured claim after avoidance (line a minus line f):  $_____ .  The amount of the unsecured claim is (line f):  $_____ . |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | see attached |

4

**MODIFIED CHAPTER 13 PLAN Continuation of Part 15.1 – Nonstandard Provisions**

1. This is a modified Chapter 13 plan.

2. Debtor removes the Allina Health medical bill from the plan.

3. **Homestead Mortgage.** The mortgage claim on Debtor's homestead and the July 1, 2025 foreclosure sale remain fully disputed. Debtor continues to challenge the validity, priority, and extent of the mortgage lien and the foreclosure sale in Adversary Proceeding No. 26-04027 under **11 U.S.C. § 506** and Minn. Stat. § 580.02 (strict compliance with recording of assignments and other foreclosure requirements). **Debtor makes no payments** on the disputed mortgage claim. Debtor reserves all rights to further amend plan treatment of the mortgage upon resolution of the adversary.

4. **Wells Fargo Auto Claim #3.** Debtor values the 2015 Dodge Ram 1500 at **$3,000.00** based on its current non-running condition and the need for major engine repairs. In Part 6, the secured claim is reduced to **$3,000.00** at **9.00%** interest (Till rate). Monthly payment on the allowed secured claim is **$96.00**. Total payments on the secured claim will be **$3,456.00**. The deficiency balance of **$6,981.66** is treated as a general unsecured claim in Part 11. Debtor reserves the right to object to the proof of claim.

5. The priority portion of IRS Claim #4 ($5,352.63) is listed for disclosure purposes only. Debtor is obtaining information from the IRS and expects this claim to be reduced to $0 or withdrawn after tax returns are processed. IRS received 2022 taxes on Oct 15, 2025 and is still processing them. Debtor reserves all rights to object to this claim.

6. U.S. Bank claims and all other unsecured claims are treated as general unsecured claims in Part 11 and will receive pro rata distribution of remaining funds along with the Wells Fargo deficiency. Projected payout to unsecured claims is approximately **12%**.

7. Debtor has paid the trustee **$50.00** to date. The modified plan proposes payments of **$200.00** per month beginning June 2026.

8. Debtor will amend the plan if circumstances change or additional income becomes available.

9. Debtor reserves the right to object to any and all proofs of claim under **11 U.S.C. § 502** and Local Rule 3007-1, and reserves the right to further amend this plan and to supplement with supporting evidence.

LOCAL FORM 3015-1
REVISED 09/2025

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $ 725 |
| Maintenance of payments and cure of default, if any [Part 5] | $ 0 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ 3,456 |
| Secured claims excluded from § 506 [Part 7] | $ 0 |
| Priority claims [Part 8] | $ 0 |
| Domestic support obligation claims [Part 9] | $ 0 |
| Separate classes of unsecured claims [Part 10] | $ 0 |
| Timely filed unsecured claims [Part 11] | $ 3,069 |
| TOTAL (must equal line 2.5) | $ 7,250 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard
provision except as placed in Part 15.

Signed: _____
   Attorney for debtor

Signed: _Jenn Sue Talbert_____
   Debtor 1

Signed:_____
   Debtor 2 (if joint case)

5

United States Bankruptcy Court

District of Minnesota

In re:

Jenna Ione Kaltved

      Debtor

Case No. 26-40537-KAC

Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0864-4 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 20, 2026 | Form ID: pdf008 | Total Noticed: 16 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 22, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 63602937 | + | AMERI HOME MORTGAGE CO, LLC, PO BOX 77404, EWING, NJ 08628-6404 |
| 63604836 | ++ | US BANK, PO BOX 5229, CINCINNATI OH 45201-5229 address filed with court:, U.S. Bank National Association, Bankruptcy Department, PO Box 108, Saint Louis MO 63166-0108 |
| 63602939 | ++ | US BANK, PO BOX 5229, CINCINNATI OH 45201-5229 address filed with court:, US BANK, PO BOX 108, SAINT LOUIS, MO 63166 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: jennaione@gmail.com | May 20 2026 22:25:00 | Jenna Ione Kaltved, 15581 Iodine Street NW, Ramsey, MN 55303-5741 |
| smg | + | Email/Text: mdor.bkysec@state.mn.us | May 20 2026 22:25:00 | Minnesota Department of Revenue, Bankruptcy Section, PO Box 64447, St Paul, MN 55164-0447 |
| smg | + | Email/Text: ustpregion12.mn.ecf@usdoj.gov | May 20 2026 22:25:00 | US Trustee, 1015 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| smg | + | Email/Text: USAMN.BNC.Bankruptcy@usdoj.gov | May 20 2026 22:25:00 | United States Attorney, 600 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| intp | + | Email/Text: kevin@minnesotamortgagelaw.com | May 20 2026 22:25:00 | Federal National Mortgage Association, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416-4891 |
| 63602942 | + | Email/Text: BAC_CreditCard_BNC_Emails@g2risksolutions.com | May 20 2026 22:25:00 | BANK OF AMERICA, PO BOX 26012, GREENSBORO, NC 27420-6012 |
| 63602938 | + | Email/Text: mrdiscen@discover.com | May 20 2026 22:25:00 | DISCOVER BANK, PO BOX 30939, SALT LAKE CITY, UT 84130-0939 |
| 63591454 | | Email/Text: bky_mail@fanniemae.com | May 20 2026 22:25:00 | FANNIE MAE, 1100 15TH STREET NW, WASHINGOTN DC 20005 |
| 63602941 | | Email/Text: bky_mail@fanniemae.com | May 20 2026 22:25:00 | FANNIE MAE, GRANITE PARK VILLAGE, 5600 GRANITE PARKWAY, PLANO, TX 75024 |
| 63628342 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | May 20 2026 22:25:00 | Internal Revenue Service, PO Box 7346, Philadelphia PA 19101-7346 |
| 63594851 | | Email/Text: mdor.bkysec@state.mn.us | May 20 2026 22:25:00 | Minnesota Department of Revenue, PO Box 64447-BKY, St Paul, MN 55164-0447 |
| 63604836 | | Email/Text: RPSBankruptcyBNCNotification@usbank.com | May 20 2026 22:25:00 | U.S. Bank National Association, Bankruptcy Department, PO Box 108, Saint Louis MO 63166-0108 |
| 63602939 | | Email/Text: RPSBankruptcyBNCNotification@usbank.com | May 20 2026 22:25:00 | US BANK, PO BOX 108, SAINT LOUIS, MO 63166 |
| 63602940 | + | Email/PDF: ais.Bankruptcynoticesauto@aisinfo.com | May 20 2026 22:31:04 | WELLS FARGO AUTO, PO BOX 71092, |

District/off: 0864-4                                    User: admin                                    Page 2 of 2
Date Rcvd: May 20, 2026                                Form ID: pdf008                                Total Noticed: 16

CHARLOTTE, NC 28272-1092

63608855            +  Email/PDF: ais2.BankruptcynoticesExceptions@aisinfo.com

May 20 2026 22:30:58    Wells Fargo Bank N.A., d/b/a Wells Fargo Auto,
                        PO Box 169005, Irving, TX 75016-9005

TOTAL: 15

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 22, 2026                          Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 20, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Gregory A Burrell | on behalf of Trustee Gregory A Burrell ecfmnmi@trustee13.com |
| Gregory A Burrell | ecfmnmi@trustee13.com |
| Kevin T. Dobie | on behalf of Interested Party Federal National Mortgage Association kevin@MinnesotaMortgageLaw.com maria@uwllaw.com,kaye@uwllaw.com |
| Shaun D Redford | on behalf of Defendant ONWARD FINANCING LLC shaun@redfordlaw.com natalie@redfordlaw.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |

TOTAL: 5